PER CURIAM. On October 26, 1904, the defendants agreed in writing to sell the plaintiff certain premises on Lorillard Place, in the Bronx, for $3,550, to be paid for by $50 deposit down, $250 on signing the contract on or before October 29th, $1,250 on delivery of the deed on or before 60 days, and $2,000 on bond and mortgage for three years. The husband of the plaintiff paid the deposit, and, as he testified, with offer of the next payment of $1,250, on each of the days, 27th, 28th, and 29th of October, demanded, but received, no contract. Both sides, on this appeal, treat the agreement as an option, and each relies upon doctrines stated in Boyd v. De Lancey, 17 App. Div. 567, 45 N. Y. Supp. 693, whereunder failure to comply with the call entitled the plaintiff to recover the value of the promised contract upon the date when it should have been executed. Aside from the absence of evidence of authority in her husband to act for the plaintiff, her recovery of $500 cannot be sustained, because of the lack of competent evidence for its support. Of her two experts on the value of the contract, the first put it at $1,200; but he disclosed on cross-examination that he had never sold any contracts, and stated that the contract was not worth more than 450, the difference between the price agreed to be paid and his estimate of its value; saying also:

"If Mr. Bender had received a contract first for the sale of the property, and then if that contract had been performed, and she should have received it, I consider that she would have made by the transaction $450."

Predicating the value of the contract upon its performance begged the main question, even on his theory; for failure to perform the proposed contract might entitle the intending vendee only to refund the money paid and justified outlays. Her other expert set the value of the contract at between $1,000 and $1,200; saying, in his own qualification, that he bought and sold contracts, and had sold one contract in 186th street, above Belmont and Crescent, near Lorillard Place. This qualification by experience was scanty. His basis of valuation was erroneous, for it depended upon his estimate of the value of the realty, although he knew of no such sales, and upon the rise in value of property in November.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.

---

(48 Misc. Rep. 632)

### In re BOOM.

(Supreme Court, Appellate Term.   November 29, 1905.)

BANKRUPTCY—DISCHARGE OF BANKRUPT—EFFECT—DEBTS NOT SCHEDULED.

   A bankrupt, who failed to schedule a debt, consisting of a judgment, as required by the bankruptcy law, though by reasonable effort he could have obtained sufficient information so to do, cannot, after his final discharge, obtain a cancellation of the judgment, under Code Civ. Proc. § 1268, providing that a bankrupt discharged from his debts may, on proof of his discharge, obtain the cancellation of judgments against him.

Appeal from City Court of New York.

Application by Maurice Boom, a bankrupt, for the cancellation of a

judgment entered against him by John B. Young. From an order denying the application, Maurice Boom appeals. Affirmed.

The judgment was obtained January 27, 1894, and Maurice Boom obtained his final discharge December 12, 1900.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

M. Strassman, for appellant.

W. E. Benjamin, for respondent.

PER CURIAM. This application is made under section 1268 of the Code of Civil Procedure. An examination of the record shows that the appellant bankrupt failed in several respects to comply with the bankruptcy law relating to the scheduling of claims. It appears that by reasonable effort on the part of the bankrupt he could have ascertained sufficient information to enable him to comply with the law. The decree of the bankruptcy court did not operate to discharge the debt, for the reason that it was not duly scheduled.

The order appealed from must be affirmed, with costs and disbursements.

---

ROCHE v. ROAD DRIVER'S ASS'N OF NEW YORK.

(Supreme Court, Appellate Term.   November 29, 1905.)

1. INNKEEPERS—ACTION FOR RENT OF ROOM—EVIDENCE.
    Evidence in an action for rent of a room in a hotel during a specified period examined. and *held* insufficient to support a finding of either an express or an implied agreement to pay the sum sued for.

2. SAME—USE OF ROOM—COMPENSATION.
    The use of a room in a hotel, without an agreement that no rent shall be paid, raises an implied promise to pay only the fair rental value thereof.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Patrick H. Roche against the Road Driver's Association of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Eidlitz & Hulse (Ernest F. Eidlitz, of counsel), for appellant.

David M. Neuburger, for respondent.

SCOTT, P. J. In my opinion the judgment is wholly unsustained by the evidence. The action is for rent of a room in the Rossmore Hotel for a period of 18 months from October 1, 1901. The complaint alleges a special promise, but I am unable to find any evidence of either an express or implied agreement to pay the particular sum now sued for. It is true that for some time previous to October 1, 1901, the defendant had paid $25 a month for the exclusive use of a small suite of rooms. The plaintiff, however, refused to permit this arrangement to continue, and during the period